AO 241 (Rev. 5/85)

**PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

04-40093

| United States District Court | District: New England | | |
|---|---|---|---|
| Name: Albert S. Van Orman | Prisoner No. 27844 | Case No. 0167 CR Westborough 2327 | |

Place of Confinement: Worcester County House of Correction and Jail, 5 Paul X. Tivnan Drive, West Boylston, MA 01583

Name of Petitioner (include name under which convicted): Albert S. Van Orman, Petitioner

v.

Name of Respondent (authorized person having custody of petitioner): John Flynn, Worcester County Sheriff, Respondent

The Attorney General of the State of: Massachusetts; Thomas Reilly

**PETITION**

1. Name and location of court which entered the judgment of conviction under attack: District Court Dept. Westborough Division. 175 Milk St., Westborough, MA 01581 DKT # 0167-CR-2327

2. Date of judgment of conviction: December 4, 2001

3. Length of sentence: Originally 1 Yrs' Straight Probation

4. Nature of offense involved (all counts): 3 Total. a) Assault and Battery of a Police Officer Chap. 265 §13D M.G.L. b) Resisting Arrest Chap. 268 §32B M.G.L. and c) Disorderly Person Chap. 272 §53 M.G.L.

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☑
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:
   Involuntarily see grounds for relief

   Items 6-9 N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐    No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐    No ☐

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court _____

   (b) Result _____

   (c) Date of result and citation, if known _____

   (d) Grounds raised _____

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court Superior Court of Ma, Appellate Division, Boston, Ma
   (2) Result Writ of Certiorari tabled (Pro-Se). Appeal filed for Probation violation (Pro-Se). Case transferred to Comm. for Public Counsel → court appointed attorney.
   (3) Date of result and citation, if known Prob. Viol. Appeal heard on April 14, 2004.
   (4) Grounds raised Due Process, illegal terms of probation.

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court _____

   (2) Result _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☑    No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court District Court Dept., Westborough Division
        (2) Nature of proceeding Motion hearing; Withdrawal of Guilty Plea
        (3) Grounds raised Plea entered involuntarily

(3)

AO 241 (Rev. 5/85)

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐    No ☑

(5) Result __Motion denied. Original PreTrial Transcripts never reproduced!__

(6) Date of result __On or about May 10, 2002__

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐    No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☐    No ☐
(2) Second petition, etc.    Yes ☐    No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
    Caution:  In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. Ground one: Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

Supporting FACTS (state *briefly* without citing cases or law) My appearance in the Westborough court at the Pre-Trial hearing on December 4, 2001 went unnoticed (as has every court appearance, since, over 35) as did any discussion presented by the defendant. The discussion was essentially led to a sentence of probation even after an open display by the defendant of his intention to proceed in a not-guilty mode and challenge the erroneous charges.

B. Ground two: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

(5)

AO 241 (Rev. 5/85)

C. Ground three: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

D. Ground four: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☑     No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:
    (a) At preliminary hearing  12/4/01  Gregory Casalle - Shrewsbury, Ma 01545 (508) 752-7500. (Court Appointed Worcester County Bar Advocate)
    (b) At arraignment and plea  11/13/01  Gregory Casalle - Shrewsbury, Ma 01545 (508) 752-7500 (Court Appointed Worcester County Bar Advocate)

(6)

(c) At trial _____

_____

(d) At sentencing  12/4/01 - Greg Casalle

_____

(e) On appeal  June 26, 2003 - Probation violation appeal On or about Tom Aquino - 709 Centre St, Suite 201, Jamaica Plain, Ma 01230
617-983-8578

(f) In any post-conviction proceeding  On or about February 7, 2002 Motion hearing Represented by Deborah Capuano - Westborough, Ma

(g) On appeal from any adverse ruling in a post-conviction proceeding  On or about 2/7/02 The Worcester County Bar Advocates transferred case to Committee for Public Counsel Services 44 Bromfield St, Boston, Ma. 02108 617-482-6212

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?
    Yes ☑    No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☑    No ☐
    (a) If so, give name and location of court which imposed sentence to be served in the future:  District Court Department Westborough Division

    (b) Give date and length of the above sentence:  On October 22, 2002 court imposed an additional 1yr probation and 1 yrs' suspended jail sentence. imposed on March 31, 2004 suspended sentence.

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☑    No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

May 24, 2004
(date)

Albert S. Van Ornum - Pro-Se
Signature of Petitioner

(7)

Albert S. Van Orman, plaintiff
v.
Joseph McCarthy, defendant A
Paul S. Waickowski, defendant B

Civil Action No.

## Parties

1. The plaintiff is now incarcerated in the Worcester County House of Correction and Jail.

2. The defendants are public servants who are employed in Worcester County, state of Massachusetts and are citizens of the United States.

## Jurisdiction

3. This court has jurisdiction over this matter pursuant to Title 28 United States Code §§ 1332.

## Facts

4. On or about, the thirteenth day of November two thousand one, the plaintiff who was unemployed at the time, had his wife and two children visiting from their second home in New York state.

On or about 1 o'clock p.m. on this day, the plaintiff's wife and two children left in an automobile on a trip back to New York state after a wellness visit at the University of Massachusetts Medical Center located in Shrewsbury, Massachusetts.

1 of 6

5. On or about 11 o'clock on the thirteenth day of November two thousand one, the plaintiff's wife initiated a quasi-judicial, ex-parte proceeding in the District Court of the said Town of Westborough, Massachusetts. The plaintiff, unaware of any criminal wrongdoing was being perjured for the express purpose of obtaining a restraining order against the plaintiff.

6. While the plaintiff was so engaged at his home in Shrewsbury, Massachusetts, the defendant A, without any warrant or authority of law, wrongfully, unlawfully, against the plaintiff's wish, <u>without</u> probable cause, arrested the plaintiff for allegedly assaulting the defendant A. This was during the defendant A's service of said granted restraining order.

7. The defendant A, wrongfully, unlawfully, and maliciously abused the plaintiff and after doing so, the plaintiff under restraint and above normal duress, remanded him to, and confined him to the Town of Shrewsbury, Massachusetts police station.

8. Shortly after said imprisonment and on the evening of said thirteenth day of November two thousand one, the defendant A, and his

8 cont. partner, the only members observed in said police station at the time, refused to set plaintiff at liberty, but wrongfully and unlawfully, detained said plaintiff and continued the imprisonment of plaintiff in the manner and place aforesaid.

9. The plaintiff remained under arrest until about nine o'clock a.m. of the fourteenth day of November two thousand one. The plaintiff was transported by van to the District Court of the said Town of Westborough to be arraigned. The plaintiff was assigned a court appointed attorney who questioned him briefly in the holding cell. The plaintiff was arraigned and remanded to the Worcester County House of Correction.

10. Thereafter, and on or about the fourth day of December two thousand one, the said action came on for a pre-trial hearing before Mr. Justice Pauls Waickowski and after a lengthy (approx. 2 hrs.) open display of the plaintiff's adamance towards any type of plea deal other than a dismissal of charges or a trial by jury, After open court discussions with his assigned attorney, signed a form admitting guilt. This was done under duress and direct disregard of the plaintiff's wishes,

3 of 6

10 cont. By reason of the plaintiffs denial to Due Process, Right to a fair trial as provided for by the United States Constitution, despite his denial of the charges against him, Right to confront his accuser, with no evidence or open statement by the arresting officer, the plaintiff was found guilty of all brought forth charges (Assault and Battery of a Police Officer, Resisting Arrest, and Disorderly Person, See Exhibit A) with not even a plea agreement of aforesaid charges.

11. In light of the plaintiffs solid work experience, lack of criminal history, the state of Massachusetts sentencing guidelines, the plaintiff was placed on one years' straight probation by said Judge Paul S. Waickowski (Defendant B).

12. Thereafter, on the fourth day of December two thousand one, a probation order with no judicial intervention was generated. The order stated unreasonable conditions which would make the plaintiffs chance of a sucessful probation, impossible.
Cite People vs Brown 177 A.D. 2d 981, 578 N.Y.S. 2d 3 (4th Department 1991).

4 of 6

13. On or about the fifth day of December two thousand one, the plaintiff was informed on the previous day to come back to the District Court of said Town of Westborough for an Involuntary Commitment hearing (Sec. 123 M.G.L.). This hearing was held without probable cause, was maliciously ordered by parties unknown to the plaintiff. Again the plaintiff was denied his Right to confront his accuser.

14. On or about the twenty first day of October, two thousand two, the plaintiffs probation for several alleged technical violations. The plaintiffs "full hearing" allowed an unfamiliar justice (Honorable Justice J. Curran) to invoke a new sentence in lieu of a guilty finding of probation violations. The alleged technical probation violations supported the justice to reopen the case and invoke a sentence within the statuatory provisions of any of the three guilty findings of the original criminal charges. (Cite state of Massachusetts Supreme Judicial Court adoption of Proceedings on Probation Violation Hearings, Rule 7, Massachusetts Criminal Practice).

5 of 6

Wherefore, the plaintiff demands judgement against the defendants for damages, relief from custody and such other relief as the court deems just.

Respectfully submitted,

Albert S. V. Jr
Albert S. Van Orman, Pro Se
Inmate ID 27844

6 of 6

| NOTICE OF ASSIGNMENT OF COUNSEL | ASSIGNMENT NUMBER C 855582-3 | COMMONWEALTH OF MASSACHUSETTS | |
|---|---|---|---|
| DATE OF ASSIGNMENT 3/1/04 | NAME OF ASSIGNING JUDGE Paul S. Waickowski, First Justice | COURT DIVISION #547 WESTBOROUGH DISTRICT COURT 175 MILK STREET, BOX 1449 WESTBOROUGH, MA 01581 | ☐ JURY SESSION (Check Here) |

NAME OF PERSON FOR WHOM COUNSEL ASSIGNED: Albert VanOrman, Mayflower Motel, Lenox, MA 01246

☐ Juvenile (J)   ☒ Adult (A)   Language if not English _____

### CRIMINAL CASES—ENTER OFFENSE CODE OR CHAPTER & SECTION WITH CHARGE

| DOCKET NO. | OFFENSE CODE | CHAPTER | SECTION | CHARGE |
|---|---|---|---|---|
| A  0167 CR 2327 | | 265 | 13D | Assault and Battery on P.O. |
| B | | 268 | 32B | Resist ARrest |
| C | | 272 | 53 | Disorderly Person |
| D | | | | |
| E | | | | |
| F | | | | |

### NON-CRIMINAL CASES

☐ 1001 c.119, §§23(C), 29
☐ 1002 c.210, §3/DPW v.JKB
☐ 1003 Civil Commit c.123, §7, 8
☐ 1017 Writ of Apprehension c.123, §12(e)
☐ 1018 Commitment of Alcoholics c.123, §35
☐ 1019 Commitment/Guardianship of Mentally Retarded Persons c.201,§6A
☐ 1004 Commitment Review
☐ 1005 c.112, §12S
☐ 1026 Commitment Appeal c. 123, §9(a)
☐ 1007 SDP Review (c. 123A, §9)
☐ 1008 CHINS (c.119, §39F)
☐ 1009 Rogers
☐ 1010 Spring/Saikewicz
☐ 1011 Probate Crim. Contempt
☐ 1012 Housing Contempt
☐ 1013 Foster Care Review
☐ 1014 Elderly Abuse
☐ 1015 c. 201, §5, 14 Guardianship
☐ 1016 C&P (c.119, §§24, 29)
☐ 1020 Disabled Persons (c.19C, §7) Petition for Protective Services

THIS FORM IS NOT FOR GUARDIAN AD LITEM ASSIGNMENTS

**NEXT COURT DATE** 3/10/04

FOR:
☐ Bench or Jury Trial (T)      ☐ Pre-Trial (P)
☐ Probable Cause (C)           ☒ Other (O)

**INCARCERATION STATUS**
☐ Released
☐ Not Released
☐ Bail $ _____ No Bail _____
☐ Serving Other Sentence
☐ Committed
☐ Not Applicable

**POST-TRIAL CRIMINAL CASES ONLY**
PURPOSE OF ASSIGNMENT
☐ Appeals Court or SJC (A)       ☐ Revise and Revoke (R)
☐ Sentence Appeal (S)            ☐ New Trial Motion (N)
☐ Probation Surrender (P)        ☐ Other (O)

### INDIGENCY DETERMINATION

The court has found the above-named person

☐ Indigent      or      ☐ Indigent but able to contribute $ _____

The attorney or organization listed below is assigned to represent this person in this action

### CHECK ONE OF THE FOLLOWING:

☒ Public Defender Division

Local Office # __10__
(See reverse side for address and telephone number.)

☐ Student Attorney under Rule 3:03

_____
Name of Program

☐ Attorney to be named by CPCS for Appeals Court/SJC/Murder Cases/Rule 30 Motions/SDP Send to: CPCS
44 Bromfield Street,
Boston, MA 02108

☐ Assignment For Purpose of Bail Hearing, Bail Review or Arraignment Only

☐ ~~Private Counsel Attorney~~     BBO# _____
PLEASE PRINT                        REQUIRED

NAME   FIRST   MIDDLE   LAST

STREET

CITY

STATE                                ZIP

TELEPHONE
CRIMINAL CASE INFORMATION CONTACT: BAR ADVOCATE PROGRAM NO. __13__
(SEE REVERSE SIDE FOR ADDRESS AND TELEPHONE NUMBER.)

AUTHORIZED SIGNATURE X _/s/ Paul J. Waickowski/_
Paul S. Waickowski, First Justice
PRINT NAME

### INSTRUCTIONS TO THE COURT

1. Forward white copy to Committee for Public Counsel Services, 44 Bromfield Street, Boston, MA 02108
2. Retain green copy for court file.
3. Remaining copies are color coded as follows: pink—client, blue—bar advocate program, goldenrod—attorney.

PC-1 (Rev. 1/98)