UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALBERT S. VAN ORMAN,
    Petitioner,

v.     Civil Action No. 04-40093-FDS

JOHN M. FLYNN,
    Respondent.

## RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS THE PETITION FOR A WRIT OF HABEAS CORPUS AS TIME-BARRED

The respondent, John M. Flynn, respectfully submits this memorandum of law in support of his motion to dismiss the petition for a writ of habeas corpus filed by the petitioner, Albert Van Orman. The petition must be dismissed as time-barred under 28 U.S.C. § 2244(d), the statute of limitations for federal habeas corpus petitions. Because Van Orman's conviction became final on December 4, 2001, Van Orman had to file his federal habeas petition no later than December 4, 2002. However, the petition was not filed in this Court until May 28, 2004, more than seventeen months too late. Accordingly, the petition must be dismissed as time-barred.

### PRIOR PROCEEDINGS

On December 4, 2001, Van Orman pled guilty in Westborough District Court to assault and battery, resisting arrest and being a disorderly person. [See Exh. E at R. 9-10; see also Exh. B at p. 1]. Van Orman was sentenced the same day. [Exh. B at p. 1].

The state docket indicates that on or about January 14, 2002, Van Orman sent a letter to the district court about re-opening his case. [Exh. B at p. 2]. Less than a month later, on February 7, 2002, Van Orman's request to re-open was taken off the docket.

[Id.] On May 8, 2002, moreover, Van Orman filed a *pro se* motion to re-open his case, which was denied that same day. [Id. at p.3].

With one exception, all of Van Orman's further dealings with the trial court related the terms of his probation. Specifically, on August 13, 2002, the Westborough District Court found that Van Orman had violated his probation; the court therefore amended the terms of his probation. [Exh. B at p. 4; Exh. E at R. 11-15]. On October 23, 2002, the trial court again found that Van Orman had violated the terms of his probation. [Exh. B at p. 4; Exh. E at R. 19-21]. The court therefore again modified Van Orman's probation. [Exh. B at p. 4; Exh. E at R. 21].

Van Orman appealed both probation orders to the Massachusetts Appeals Court. [Exh. C at p. 1]. On June 22, 2004, the Appeals Court affirmed both probation orders. [Id. at p. 2; Exh. G. at p. 1].

The Appeals Court docket does not reflect any other appeals by Van Orman. [See Exh. D]. Similarly, it does not appear that Van Orman has ever sought any relief with the Massachusetts Supreme Judicial Court (the "SJC"). [See id.]¹ On April 30, 2003, however, Van Orman submitted a "notice of appeal" to the state trial court, purporting to appeal from the May 8, 2002 denial of his motion to re-open. [See Exh. B at p. 5]. The notice of appeal was untimely and was never accepted by the Massachusetts Appeals Court. [See Exhs. C, D]. See also Commonwealth v. White, 429 Mass. 258, 261, 707 N.E.2d 823, 825 (1999) (Mass. R. App. P. 4(b), as amended, 378 Mass. 928 (1979),

---

¹ Exhibit D contains the print-outs from a search that undersigned counsel performed to determine whether Van Orman had ever appealed his conviction. Specifically, undersigned counsel searched the SJC/Appeals Court joint website for cases including the names "Van Orman", "Vanorman" and "Orman". As the print-outs demonstrate, Van Orman's sole appeal related to the modifications to his probation. [Compare Exh. C and Exh. D].

requires notice of appeal from denial of motion for new trial be filed within thirty days after entry of order denying motion).

## ARGUMENT

### I. The Habeas Corpus Petition must Be Dismissed Where It Is Barred by the Statute of Limitations.

Van Orman's petition for a writ of habeas corpus must be dismissed under the statute of limitations enacted by Congress as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), which became effective April 28, 1996. That provision, which is applicable to federal habeas corpus petitions filed by state prisoners, provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d) (emphasis added).

Because Van Orman pled guilty, his conviction became final when he was sentenced – i.e., on December 4, 2001. See, e.g., Commonwealth v. Balliro, 437 Mass.

163, 166, 769 N.E.2d 1258, 1262 (2002) (a guilty plea is a conviction; after defendant pleads guilty "nothing more is required except for the court to give judgment and sentence"); United States v. Hines, 802 F. Supp. 559, 571 (D. Mass. 1992) ("Under Massachusetts law, a 'conviction' is an adjudication of guilt either by way of the entry of a formal guilty plea or an admission to sufficient facts or after a finding of guilt by jury verdict"). Absent tolling, Van Orman therefore had to file his habeas petition no later than December 4, 2002. This federal habeas petition was not filed until May 28, 2004. The petition therefore is time-barred and must be dismissed. See, e.g., David v. Hall, 318 F.3d 343 (1st Cir. 2003) (affirming dismissal of petition filed after one-year statute of limitations expired).

## II.     Van Orman's State-Court Proceedings Did Not Alter or Toll the Statute of Limitations.

Nor is Van Orman entitled to rely on the tolling provision set forth in 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)"). That section tolls the statute of limitations "during [the time] which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . .." Id. Van Orman filed a letter request and a motion to re-open during the limitations period, appealed changes to the terms of his probation, and attempted to bring another appeal after the statute of limitations had lapsed. None of these events tolled AEDPA's limitations period, however.

### A. Van Orman's Letter Request and Motion to Re-Open Were Not Properly-Filed Applications for Post-Conviction Review.

Van Orman cannot argue that his January 14, 2002 letter request and his May 8, 2002 motion to re-open his criminal case tolled AEDPA's statute of limitations. See 28 U.S.C. § 2244(d)(2). A prisoner's pleading is "properly filed" within the meaning of Section 2244(d)(2)

> when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

Artuz v. Bennett, 531 U.S. 4, 8 (2000). In Massachusetts, Rule 30 of the Massachusetts Rules of Criminal Procedure is "the exclusive vehicle for post-conviction relief." In re McCastle, 401 Mass. 105, 106, 514 N.E.2d 1307, 1308 (1987) (quoting Leaster v. Commonwealth, 385 Mass. 547, 549, 432 N.E.2d 708, 709 (1982)).

In this case, it does not appear that either filing was a motion for new trial under Rule 30 of the Massachusetts Rules of Criminal Procedure. [See Exh. B at pp. 2, 3]. The first filing was styled as a "letter request to re-open criminal case," while the second was a "motion to re-open." [Id.]. It therefore is the respondent's position that neither filing constituted a "properly-filed application" under Section 2244(d)(2) and therefore neither tolled AEDPA's limitations period. See, e.g., Artuz, 531 U.S. at 8; Voravongsa v. Wall, 349 F.3d 1, 4-7 (1st Cir. 2003).

Assuming *arguendo* that Van Orman's two filings were tolling events, however, his petition still would be time-barred. Van Orman's letter request was docketed on January 14, 2002 and disposed of on February 7, 2002 – a period of twenty-four days. Van Orman's motion to re-open was docketed on May 8, 2002 and denied the same day,

meaning that the limitations period was tolled for one day. Allowing for a total of twenty-five days of tolling, Van Orman's habeas petition would have been due by December 29, 2002.[2] [See Exh. A (table calculating expiration of limitations period assuming Van Orman's filings were tolling events)]. The petition therefore must be dismissed as time-barred. See, e.g., Lattimore v. Dubois, 311 F.3d 46, 53-54 (1st Cir. 2002) (dismissing habeas petition filed one-day after limitations period had run).

### B.    Van Orman's Probation Appeal Was Not a Tolling Event.

As previously discussed, Van Orman's probation was modified in August and October of 2002. Van Orman appealed those probation orders, and the Appeals Court denied Van Orman's appeal on June 22, 2004. The appeal did *not* challenge Van Orman's guilty pleas or conviction, however. [See, e.g., Exh. E at p. 12 n.3 (specifically limiting appeal to the probation orders); Exh. C at Dkt. Entry dated 4/25/03; Exh. G at p. 1 (appeal relates only to probation orders)]. Stated differently, Van Orman's appeal did not seek to withdraw his guilty pleas or otherwise challenge the legality of his underlying conviction. [Id.] As a result, the appeal did not stop AEDPA's one-year clock.

The tolling provision in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is very specific. It reads:

> The time during which a properly filed application for State post-conviction or other collateral review <u>with respect to the pertinent judgment or claim</u> is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2) (emphasis added). Consequently, AEDPA's limitations period is tolled only when the prisoner's state application challenges the legality of the conviction

---

[2] Because Van Orman did not timely appeal the action that the trial court took on either the letter request or the motion, the normal thirty-day appeal period is not added to the tolling period. See David, 318 F.3d at 345 (AEDPA's limitations period is **not** tolled during the time which a prisoner could have but did not seek further appellate review).

that this the subject of his habeas petition. Id. See also Voravongsa, 349 F.3d at 4, 6 (to toll statute of limitations, prisoner's state application must attack his conviction); Walkowiak v. Haines, 272 F.3d 234, 237 (4th Cir. 2001) (to trigger Section 2244(d)(2), prisoner must have invoked a procedure that "challenges the legality of the original judgment"); Bland v. Hall, 2002 WL 989532, *2 (D. Mass., May 14, 2002) (where motion "does not amount to a collateral attack" on a conviction, it is not a tolling event under 28 U.S.C. § 2244(d)(2)) (internal quotations omitted), aff'd, 2003 WL 1825681 (1st Cir., April 8, 2003) [Exh. H hereto].

In his federal habeas petition, Van Orman is challenging the legality of his guilty pleas. See Petition at ¶ 12A. In his appeal to the Massachusetts Appeals Court, however, Van Orman did not attack his guilty plea, but merely disputed the changes to his probation. [See, e.g., Exh. E]. Because his appeal did not challenge the legality of his conviction, it was not an application for "post-conviction or collateral review of the pertinent judgment" within the meaning of Section 2244(d)(2). See, e.g., Voravongsa, 349 F.3d at 6 (noting that a motion to modify a sentence is not a motion for post-conviction relief); Young v. Head, 89 F. Supp.2d 1370, 1370 (N.D. Ga. 2000) ("It seems clear to the Court that an application for sentence review ... is not a mechanism for 'collateral review with respect to the pertinent judgment,'" quoting 28 U.S.C. § 2244(d)(2)), aff'd, 247 F.3d 247 (11th Cir. 2001) (Table). As such, the appeal did not stop AEDPA's clock. Id. See also Bland v. Hall, 2002 WL 989532 at *2 (Rule 29 motion seeking to revise sentence is not a "collateral attack" on a conviction and therefore not a tolling event); Walkowiak, 272 F.3d at 238 (motion to change terms of sentence not a tolling event for purposes of 28 U.S.C. § 2244(d)(2)).

### C. Van Orman's Untimely Notice of Appeal Did Not Toll the Limitations Period.

The docket sheet indicates that on April 30, 2003, Van Orman filed a *pro se* notice of appeal with respect to the denial of his May 8, 2002 "motion to re-open." [Exh. B at p. 5]. As previously discussed, the respondent does not believe this was a motion for new trial. Even assuming it was, however, the notice was filed sixteen months after he was convicted and sentence. As a result, the notice was untimely and was not permitted to go forward. See Mass. R. App. P., Rules 4(b) (prisoner must file notice of appeal within thirty days); Commonwealth v. White, 429 Mass. at 261, 707 N.E.2d at 825 (appeal from denial of motion for new trial, whenever brought, be filed within thirty days after entry of order denying motion). Indeed, the appeal was never docketed in the Appeals Court. [See Exh. D and footnote 1]. Consequently, this notice of appeal has no impact on the statute of limitations. See, e.g., Artuz, 531 U.S. at 8 (to fall within AEDPA's tolling provision, the prisoner's pleading must be "properly filed," meaning *inter alia* that it must comply with the state's "time limits" and must be docketed in the proper "court and office").

Finally, because Van Orman's notice of appeal was filed <u>after</u> the limitations period had lapsed, the notice itself could not toll the limitations period. See, e.g., Delaney v. Matesanz, 264 F.3d 7, 11 (1st Cir. 2001) (AEDPA's limitations period not tolled by new trial motion because, by the time it was filed, the one-year period had already expired); Dunker v. Bissonnette, 154 F. Supp.2d 95, 103 (D. Mass. 2001) (state-court motion filed after AEDPA's limitation period expired does not "revive" statute of limitations).

Since Van Orman's conviction became final on December 4, 2001, he had to file his habeas petition in federal court no later than December 4, 2002. There were no tolling events that extended the one-year limitations period. Consequently, because Van Orman did not bring this petition until May 28, 2004, it is almost a year and a half too late. Van Orman's petition therefore must be dismissed as time-barred.

### Conclusion

For the reasons set forth above, the petition for a writ of habeas corpus should be dismissed with prejudice.

Respectfully submitted,

Dated: August 20, 2004

THOMAS F. REILLY
ATTORNEY GENERAL

_____
Natalie S. Monroe (BBO #562383)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, MA 02108
(617) 727-2200, ext. 2833

### Certificate of Service

I, Natalie S. Monroe, hereby certify that, on August 20, 2004, I caused to be served a true and correct copy of the foregoing document by mailing a copy of the same by first-class mail, postage prepaid, and addressed to the *pro se* petitioner, Albert S. Van Orman, 1626 State Route 34B, King Ferry, New York 13081.

_____
Natalie S. Monroe