UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT S. VAN ORMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 04-40093-FDS |
| JOHN M. FLYNN, ) | |
| ) | |
| Respondent. ) | |

# ORDER

**SAYLOR, J.**

On May 28, 2004, petitioner Albert S. Van Orman filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. At the time his petition was filed, Van Orman was a prisoner in the Worcester County House of Corrections. He has since been released and is presently residing in King Ferry, New York.

In November 2001, Van Orman had an altercation with a police officer attempting to serve him with a restraining order obtained by his estranged wife pursuant to Mass. Gen. Laws ch. 209A. As a result of this altercation, Van Orman pleaded guilty in the Westborough District Court on December 4, 2001, to assault and battery on a police officer, resisting arrest, and being a disorderly person. He was sentenced to one year of probation subject to certain conditions, including the conditions that he participate in a certified batterer's treatment program, not leave the state without permission, and not contact his wife.

After his sentencing, Van Orman initiated several challenges to his conviction. On January 14, 2002, he sent a letter to the Westborough District Court requesting that his case be "reopened." The docket entry for February 7, 2002, indicates that the "motion for new trial" was "off [the] list" and that this motion was under review by the Appeals Division of the Committee for Public Counsel Services ("CPCS") to determine if appointment of counsel was warranted. On March 5, 2002, attorney Ronald Cody, appointed by CPCS, filed a notice of limited appearance and a motion to stay the motion to withdraw the guilty plea.[1] On April 24, 2002, Van Orman filed a motion to have his assigned counsel withdraw from the case and to proceed *pro se*. Attorney Cody subsequently filed a notice of withdrawal. On May 8, 2002, Van Orman filed a *pro se* motion to re-open his case. That motion was denied the same day.

Van Orman's subsequent dealings with the Westborough District Court were primarily related to the terms of his probation.[2] On July 2, 2002, a District Court judge vacated the probation condition that prohibited Van Orman from contacting his wife. Shortly thereafter, however, the Commonwealth moved to reinstate the "no contact" condition, and after a hearing on August 13, 2002, the condition was reinstated.[3] On September 24, 2002, the Commonwealth filed a notice of violation of probation alleging that Van Orman violated his probation by (1) failing to pay the required probation fee, (2)

---

[1] It is unclear whether a separate motion to withdraw the guilty plea was filed, or whether the January 14, 2002 letter was treated as such a motion.

[2] The sole exception was a notice of appeal filed on April 30, 2003, in which Van Orman sought to appeal the May 8, 2002 denial of his motion for a new trial. As described below, the notice was untimely and the appeal was never heard.

[3] It appears that the "no contact" condition was temporarily lifted at the request of Van Orman's estranged wife, who at that time was eight months pregnant with Van Orman's third child and sought to reconcile with him. *See Commonwealth v. Van Orman*, 61 Mass. App. Ct. 1112, fn. 1 (2004) (table)**.**

leaving the state without permission, and (3) contacting his wife. The Commonwealth subsequently amended the notice to add an allegation that Van Orman failed to notify the probation office of his change of address. After a hearing in the Westborough District Court on October 23, 2002, the court found that Van Orman had violated his probation. The court modified the prior probation order by sentencing him to a one year term in the House of Corrections, with thirty days to serve and with the balance to be served on probation subject to the conditions previously imposed.

On November 25, 2002, Van Orman filed a motion to revise or revoke the sentence imposed on October 23, 2002. On December 23, 2002, Van Orman filed a notice of appeal and a motion to file his appeal late; the latter motion was allowed on February 10, 2003. In his appeal, Van Orman claimed that the "no contact" condition could not be a reasonable condition of probation for his conviction for assault and battery of a police officer; that there was insufficient evidence to reinstate the August 13, 2002 order; and that therefore the October 23, 2002 probation violation finding and subsequent order should be vacated. On June 22, 2004, the Massachusetts Appeals Court issued a memorandum and order affirming the August 13, 2002 and the October 23, 2002 probation orders. *See Commonwealth v. Van Orman*, 61 Mass. App. Ct. 1112 (2004) (table).

On April 30, 2003, Van Orman submitted a *pro se* notice of appeal in Westborough District Court challenging the May 8, 2002 denial of his motion to withdraw his guilty plea. This motion, filed nearly a year after the denial, was untimely and was never heard by the Appeals Court.[4]

Van Orman filed the current habeas petition on May 28, 2004, while imprisoned at the

---

[4] Respondent has submitted records from a search of the SJC/Appeals Court Public Case Information System demonstrating that the only appeal submitted by Van Orman was his December 23, 2002 appeal.

Worcester County House of Corrections. It is unclear from the record when his term of incarceration began, although the Court can deduce from the canteen account statement submitted by Van Orman that he was in prison on March 9, 2004, when the entries on his account began. He was apparently still incarcerated on May 20, 2004, when the last entry in the canteen account was made. On May 26, 2004, he sent a letter to the Court, ostensibly from prison, attaching the canteen account statement. On June 24, 2004, Van Orman sent the Court another letter indicating that he had completed his sentence and providing his new address in King Ferry, New York.

Just as it is unclear *when* Van Orman was incarcerated, it is also unclear precisely *why* he was incarcerated. Although the respondent submitted the docket entries from the Westborough District Court pertaining to Van Orman's November 14, 2001 arrest and subsequent probation violations, there are no entries after May 28, 2003. According to the Appeals Court docket, on July 7, 2003, Van Orman filed a motion to stay execution of the October 23, 2002 order and to stay any probation violation proceeding commenced thereunder. The Appeals Court denied the motion on July 8, 2003, without prejudice, pursuant to Mass. R. App. P. 6(a), which requires that an application for a stay of the judgment or order of a lower court ordinarily should be filed in the lower court. Therefore, it appears that the thirty-day term of imprisonment imposed by the October 23, 2002 order had not begun when Van Orman filed the July 7, 2003 motion to stay its execution.

In his habeas petition, Van Orman describes the penalties issued in the October 23, 2002 order and underneath writes "imposed on March 31, 2004." If this is true, it is unclear why Van Orman was in prison on March 9, 2004. It is also unclear why he was imprisoned from March 9 through at least May 26, 2004, if the October 23, 2002 order only imposed a 30-day sentence. Nonetheless, it is

clear that if the one-year suspended sentence imposed on October 23, 2002, had not been implemented when Van Orman's motion to stay its execution was rejected by the Appeals Court on July 8, 2003, the earliest that sentence could have possibly run was from July 2003 to July 2004.[5]

Accordingly, no matter why he was imprisoned when his habeas petition was submitted, it appears that he was still serving the one-year suspended sentence when he filed his May 28, 2004 habeas petition. Because a term of probation or a suspended sentence satisfies the "in custody" requirement for habeas relief, Van Orman satisfies this jurisdictional requirement. *See Jackson v. Coalter*, 337 F.3d 74, 78-79 (1st Cir. 2003).

## **Analysis**

A petitioner applying for a writ of habeas corpus under 28 U.S.C. § 2254 has a one-year period in which to file an application. 28 U.S.C. § 2244(d)(1). Typically, this period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at (d)(1)(A). The one-year period may be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* at (d)(2).

Van Orman pleaded guilty on December 4, 2001. On January 14, 2002, he filed a letter seeking to re-open his case. The February 7, 2002 docket entry noting the motion for new trial was "off [the] list" indicates that the District Court, at least initially, considered the January 14 letter to be a motion for a new trial. The February 15, 2002 and March 5, 2002 docket entries refer to a motion to

---

[5] Given that Van Orman's December 23, 2002 appeal was not successful and that he made no further appeals, it seems almost certain that the sentence was implemented afterward.

stay the motion to withdraw the guilty plea. On May 8, 2002, the docket indicates a second motion to reopen the case, which was denied the same day.

It is not clear what the docket entry describing the January 14, 2001 letter/motion as "off list" means. Nor is it clear when the motion to withdraw the guilty plea described as "pending" on February 15, 2002, and March 5, 2002, was filed. Nonetheless, the Court need not, for purposes of this petition, decide which of these entries are properly filed State post-conviction motions. It is clear, under any circumstances, that Van Orman did not file any other collateral motions relating to his guilty plea after May 8, 2002. Using the May 8, 2002 date as the start of the one-year limitations period, Van Orman had until May 8, 2003, to file a timely habeas petition challenging the adequacy of his guilty plea. Because he did not file his petition until May 28, 2004, his petition was more than one year late, and accordingly is time-barred under § 2244(d)(2).

As described above, Van Orman appears to have attempted to appeal the May 8, 2002 denial on April 30, 2003. This appeal was untimely and never accepted by the Appeals Court and was therefore not a "properly filed" post-conviction remedy for purposes of tolling the period of limitation under § 2244(d)(2).

Van Orman's appeal of the August 13, 2002 "no contact" condition and the imposition of his October 23, 2002 sentence likewise did not toll the period of limitations under § 2244(d)(2). Section 2244(d)(2) makes clear that the one-year period of limitation is tolled by "State post-conviction or other collateral review *with respect to the pertinent judgment or claim.*" (emphasis added). Here, Van Orman seeks habeas relief on the basis of an illegally-tendered guilty plea. Van Orman's appeal of the changes in his probation conditions and the additional sentence imposed due to his probation

6

violation did not challenge his underlying conviction or the legality of his plea; the appeal strictly dealt with the re-imposition of the "no-contact" condition on August 13, 2002, and the October 23, 2002 order and sentence.

In *Walkowiak v. Haines*, 272 F.3d 234, 237 (4th Cir. 2001), the Fourth Circuit held that the period of limitations is tolled only for post-conviction remedies that "challenge[] the legality of the original judgment." Similarly, two judges in this District have ruled that a Rule 29 motion, which seeks to revise or revoke a sentence but which does not challenge the underlying legality of that sentence, does not constitute an application for collateral review for purposes of tolling the § 2244(d)(2) period of limitation. *See Ledoux v. Dennehy*, 327 F. Supp.2d. 97 (D.Mass. 2004) (Young, C.J.) and *Bland v. Hall*, 2002 WL 989532 (D.Mass.) (Zobel, J.), *aff'd on other grounds*, 62 Fed. Appx. 361, 2003 WL 1825681 (1st. Cir.) (unpublished decision). These cases reinforce the common-sense interpretation of the statutory language; post-conviction remedies that do not attack the pertinent judgment or claim do not toll the period of limitation under § 2244(d)(2).

Accordingly, the appeals relating to Van Orman's probation did not toll the one-year period of limitations for purposes of attacking his underlying December 4, 2001 conviction. Therefore, the one-year limitation period to challenge his conviction by filing a timely habeas petition began on May 8, 2002 and ended on May 8, 2003. Because he did not file his petition until May 28, 2004, his petition is time-barred under § 2244(d)(2).

Finally, even if the petition were not time-barred pursuant to § 2244(d)(1)(A), Van Orman has not exhausted his state remedies. To meet the exhaustion requirement, the claim must be presented to the highest state court, which in Massachusetts is the Supreme Judicial Court. *See Mele v. Fitchburg*

*Dist. Court*, 805 F.3d 817, 819 (1st Cir. 1988). Although it is not clear what claims Van Orman raised in the motions filed from January 14, 2002, to May 8, 2002, it is clear that he never sought appellate review of these denials. Therefore, in addition to being untimely, his petition fails on exhaustion grounds.

In light of the foregoing analysis, the Court has concluded that no evidentiary hearing is required and the petition should be dismissed. The petition was filed more than one year after the limitation period under § 2244(d) began. Accordingly, pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2244(d), the petition is hereby DISMISSED.

On May 28, 2004, Van Orman filed a civil rights complaint along with his petition for habeas relief. The present order applies only to the petition and does not dismiss the civil rights complaint. The complaint has been forwarded to the *Pro Se* Office for further review.

**So Ordered.**

        /s/ F. Dennis Saylor IV
        F. Dennis Saylor IV
        United States District Judge

Dated: January 21, 2005